LEAR, Judge.
Fireman’s Fund Insurance Company, as subrogee of Frank Fasullo, brought suit against Kenneth Moore and the City of Baton Rouge, Parish of East Baton Rouge, to recover damages resulting from the collapse of a building. The trial court found that defendant Moore had provided plans which violated the Baton Rouge Building Code, and that defendant City-Parish had approved plans which violated the Baton Rouge Building Code. However, the court also found that Frank Fasullo was negligent due to certain construction techniques which he had ordered to be used, and as plaintiff was subrogated to Fasullo’s rights plaintiff’s recovery in the case was barred. Judgment was rendered in favor of defendants Moore and City-Parish and plaintiff’s case was dismissed. Plaintiff has perfected this appeal and defendant Moore has answered appealing the finding of the trial court that he, Moore, was negligent. In addition, both Moore and City-Parish answered appealing the decision of the trial court holding each party responsible for his own costs.
Frank Fasullo hired Curtis Landry to-draw plans for a 14,000 sq ft two-story office building. Fasullo requested plans for *375 a shell-like structure which would accommodate four offices on each floor by placing partitions to suit the individual tenants. Kenneth Moore, a self-employed consulting engineer, was hired by Fasullo to review the plans and to aid Fasullo in securing a building permit from the City-Parish. Fa-sullo testified that he did not expect Moore to provide any supervision for the project.
As of August 28th, 1978 the building was in a complete frame-up state, i.e., the roof was on, the plumbing and the electrical work was roughed in, the windows were in, and the 4' X 8' styrofoam siding sheets were in place. All that remained was to set the door units, do the trim work, and install the interior sheetrock, the W paneling and the brick veneer exterior. Several days pri- or to this date Fasullo directed Leonard L. Kidder, the carpenter on the project, to remove all temporary bracing from the building to enable the next set of workmen to install the sheetrock. On the evening of August 28th or the morning of August 29th the building collapsed.
Plaintiff assigns as error the finding of the trial court that Frank Fasullo was negligent. The court stated in oral reasons for judgment that Fasullo was negligent in allowing or ordering the removal of the temporary bracing, and that this action was a cause in fact of the collapse of the building. We agree.
William R. Brockway, an architect practicing in the Baton Rouge area, stated that the purpose of the temporary bracing is to help plumb the stud walls and to hold them in place until the permanent bracing is installed. James C. Cobb, a building inspector with the City-Parish inspection department, testified that it was good building practice to remove a portion of the temporary braces, apply the finish material to the section where the temporary braces had been removed, and then repeat the process. Dale R. Carver, a professor of civil engineering at LSU, and Dean C. McKee, a consulting civil engineer and a reviewer of plans for the City-Parish agreed that it is only proper to remove temporary bracing once' the permanent bracing is in place. Further, both Dr. Carver and William L. Bowman, a civil engineer, testified that the building collapsed because it was not properly braced.
We find that the trial judge was correct in concluding that Frank Fasullo was at fault in removing all of the temporary bracing at one time, and that it was this action that caused the collapse of the building. Because of this finding, plaintiff Fireman’s Fund, who is subrogated to the rights of Frank Fasullo, is barred from recovering.
Defendants Moore and City-Parish urge that the judgment of the court finding each of them .negligent be reversed. We note that although the trial judge stated in his oral reasons for judgment that Moore and City-Parish were both negligent, he nevertheless decreed that there be judgment in favor of defendants Moore and City-Parish and dismissed plaintiff’s case. Apparently the trial judge found that both defendants were at fault, but that their fault had no causal connection with the collapse of the partially complete building and therefore did not hold either defendant liable. Because of this, and because we have affirmed the finding of the trial court regarding Fasullo’s negligence, it is unnecessary for us to consider either Moore’s or City-Parish’s assignment of error on this point.[1]
Defendants Moore and City-Parish each assign as error the action of the trial judge in casting them for their own costs. According to the Code of Civil Procedure “the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” LSA-C.C.P. art. 1920. Following this article the jurisprudence has repeatedly held that the trial court has much discretion in assessing court costs. Ashley Enterprises, Inc. v. Esplanade Plaza Co., 425 So.2d 1010 (La.App. 5th Cir.1983); Toomer v. Charles Cinema, Inc., *376 425 So.2d 288 (La.App. 3rd Cir.1982). Under the circumstances present in this case we find no abuse of the court’s discretion in holding each party responsible for his own expert witness costs.
For the above and foregoing reasons we affirm the ruling of the trial court. Costs of appeal are to be paid by appellants.
AFFIRMED.

. We note that City-Parish did not raise this issue in their answer to plaintiffs appeal, and therefore regardless of the circumstances it could not be considered by this court. LSA-C. C.P. art. 2133.