486 So.2d 210 (1986)
Lula LIVINGSTON
v.
SOUTHERN SCRAP MATERIAL CO., INC.
Jesse L. LIVINGSTON, Jr.
v.
SOUTHERN SCRAP MATERIAL CO., INC.
Nos. CA/84/1500, CA/84/1501.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
*211 Marvin C. Grodsky, Deborah L. Faust, New Orleans, for plaintiff-appellant Lula Livingston.
Jack C. Benjamin, New Orleans, for defendant-appellee Southern Scrap Material Co., Inc.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal by the plaintiffs from a summary judgment in favor of the plaintiffs. The defendant has not appealed, and makes no complaints regarding the judgment. The plaintiffs complain of the court's earlier denial of a summary judgment, the court's casting them for part of the costs, the court's limitation of judicial interest from date of amended pleadings rather than the date of filing of the original suit and the court's denial of penalties and attorney fees. There is no merit in the plaintiffs' complaints, so the judgment appealed is affirmed for the following reasons.
This case arises out of the following set of facts. Judy R. Livingston, daughter of Jesse L. Livingston, Jr., and Lula Livingston, was killed on May 18, 1982, while operating a front-end loader in the course and scope of her employment with defendant, Southern Scrap Material Co., Inc. The decedent never married, was never adopted by anyone, never adopted anyone and never had any children. She was survived only by her parents.
Suit was filed on July 9, 1982 in the 19th Judicial District court by Lula Livingston, and on May 10, 1983, in the 19th Judicial District Court by Jesse L. Livingston, Jr., for compensation benefits pursuant to La. R.S. 23:1231. The cases were subsequently consolidated.
Plaintiffs moved for summary judgment, which the trial court denied on July 11, 1983. Plaintiffs, thereafter, amended the original petition to allege, in effect, that the parents were not dependent on their daughter. On September 5, 1984, plaintiff's Motion for Summary Judgment was granted, with legal interest running from July 30, 1984, (date of the amended petition), and casting each party with one-half of the costs. Penalties and attorney fees were denied. The plaintiffs appealed this judgment.
Appellants first claim that the trial judge erred in denying at least partial summary judgment on their original motion for summary judgment. There is no merit to this claim.
In paragraph 3 of their respective original petitions, appellants alleged that:
"Petitioner was partially and actually dependent on decedent's earnings for support at the time of her death."
At the hearing on the first motion for summary judgment, appellants did not try *212 to establish they were dependent on the earnings of the decedent; but, argued they were entitled, as surviving parents, to lump-sum benefits. Because appellants had failed to assert a claim for lump-sum benefits and to withdraw the claim for benefits as partial dependents, summary judgment was denied by the Court.
Appellants did not supplement and amend the original petitions until more than twelve months later. Then, appellants again moved for summary judgment, which was granted on September 5, 1984.
La.R.S. 23:1231 provides:
For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
It is apparent from the provisions of the statute that the second paragraph above quoted was intended to apply only to nondependent parents. In their original petitions, appellants had alleged that they were at least partially dependent upon the earnings of their daughter, which dependency qualified them for first paragraph benefits, but disqualified them for the lump-sum benefits under the statute. See Rodriguez v. Brown & Root, Inc., 410 So.2d 325 (La. App. 4th Cir.1982).
In support of its opposition to the granting of summary judgment, appellee attached by reference the employee's "Application for Employment," in which she stated that she had no dependents other than herself. She did not name her parents as dependents.
There is nothing in the record which establishes any degree of dependency. Appellants could not claim then and they cannot claim now that they are entitled to both benefits as dependent parents and to lump-sum benefits for nondependent parents. The judgment of the trial court originally denying summary judgment was proper and correct under the law.
Appellants also complain that the trial court erred in casting them for a portion of the costs.
In support of their contention, appellants advance the general rule as set forth in Bowman v. New Orleans Public Service, Inc., 410 So.2d 270 (La.App. 4th Cir.1982), that ordinarily costs are to be cast against the losing party and not against the prevailing party. Nevertheless, the court may make an "equitable" different provision for costs. La.C.C.P. art. 1920; see Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3rd Cir.1975).
Article 1920 of the Louisiana Code of Civil Procedure provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The trial court had a basis for ruling that appellants should bear a portion of the costs, because they had brought a claim concerning partial dependency, which was without merit, rather than making a claim, as nondependent parents, for a lump-sum benefit.
*213 Under the circumstances present in this case, we find no abuse of discretion in the court's casting each party for one-half the costs. See Fireman's Fund Insurance Company v. Moore, 432 So.2d 374 (La.App. 1st Cir.1983).
Another of appellants' contentions concerns the awarding of judicial interest from the date of filing of the amended pleading, rather than from the date on which suit was instituted.
Article 1921 of the Louisiana Code of Civil Procedure provides:
The court shall award interest in the judgment as prayed for or as provided by law.
The original petition filed on behalf of each of the plaintiffs particularly negated each one's right to lump-sum benefits, since each claimed benefits as at least a partial dependent of the decedent. The joint amended petition filed on July 30, 1984, asserted a new cause of action, and that date was considered by the trial court to be the date of "judicial demand" on that cause of action. Hence, the trial court awarded interest from that date.
Although Article 1153 of the Louisiana Code of Civil Procedure provides generally that amendments relate back to the date of the filing of the original pleading, it should not be construed to compel the result that the original date of filing is the date of judicial demand for all purposes of computing interest. Appellants never notified appellee of any demand for lump-sum benefits until July 30, 1984. The delay in filing the amended pleading was not occasioned by any act of the appellee, and resulted from the actions or inactions of the appellants.
The ruling of the trial court that judicial demand on the claim for lump-sum benefits commenced July 30, 1984, was proper and correct.
For the reasons assigned, the judgment is affirmed at appellants' costs.
AFFIRMED.