YELVERTON, Judge.
This is an appeal from the trial court’s judgment dismissing suit against a product manufacturer after sustaining its plea of prescription. We affirm.
Brenda Rideaux was injured while exiting her place of employment on April 6, 1987, when an automatic door closing device malfunctioned and slammed on her right wrist. She was paid worker’s compensation benefits. Her employer was South Central Bell. On March 4, 1988, Rideaux filed this products liability and negligence action against South Central Bell and “all other unknown defendants that will be known during the course of this trial.” The petition contained specific allegations of the negligent actions of the unnamed defendant manufacturers. On March 5, 1988, Rideaux amended her petition adding C.M. Long, Inc., and CECO Corporation as defendants. However, nothing particularized the alleged negligent actions of these two defendants.
South Central Bell, the plaintiff’s employer, intervened for recovery of the compensation benefits it had paid Rideaux. South Central Bell named LCN Company, as the alleged manufacturer of the door closing device, as a defendant in its recon-vention. Rideaux then amended her petition to add LCN as a defendant, but without any explanation as to why.
Thereafter, all of the named defendants one-by-one obtained releases by various means. South Central Bell, Rideaux’s employer, was dismissed as a defendant by summary judgment on December 7, 1988. On April 3, 1989, CECO was dismissed on an exception of no cause of action. C.M. Long, Inc. was dismissed in February 1990 after a settlement. LCN was voluntarily dismissed in April 1990.
On February 7, 1990, Rideaux amended her petition naming Reading Dorma, Inc., as a defendant. The pleading specifically alleged that Reading Dorma was the manufacturer of the automatic door closing device and that the device’s defective condition was the sole and proximate cause of the accident.
Reading Dorma filed an exception of prescription of one year. The trial court sustained the exception and dismissed the case. Rideaux appealed.
Since Reading Dorma, Inc. was sued more than a year after Rideaux sustained her injury, Rideaux’s action against Reading was prescribed unless Rideaux showed that the petition adding Reading related back to the original petition, or unless prescription was interrupted by timely suit against a solidary obligor. Because the petition shows on its face that prescription has run, the burden of proof was on Ri-deaux to show, at the hearing on the exception, that prescription had not run. Arabic v. Northwest Min. Corp., 567 So.2d 783 (La.App. 3rd Cir.), writs denied, 571 So.2d 656 & 657 (La.1990).
Rideaux’s contention is that her amending petition should relate back to her original petition by virtue of Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983). However, Ray and its progeny deal with situations where the plaintiff mistakenly, sued a wrong (but nevertheless named) defendant that had some connexity or relationship with the intended defendant. In the present case, Reading Dorma had no notice of the proceedings and was in no way related or connected to the defendants originally named in the suit. An amending petition which names a wholly new defendant is tantamount to the assertion of a new cause of action, and consequently does not relate back to the date of the filing of the original petition. Ray, supra.
Courts interpret pleadings liberally, to allow litigants their day in court. A recent example in this circuit is Arabie, supra. In that prescription case we were willing to find solidary liability even in the absence of proof or explicit allegations, because the uncontroverted factual allega *384 tions of the petition revealed the possibility of solidary liability.
In the present case, Rideaux never made any allegations that any named defendant (other than South Central Bell, her employer) was the manufacturer or in any other way connected with the door closing device. Only C.M. Long, Inc., remained in the case as a defendant when Reading Dorma was sued. Even then, there was no allegation that C.M. Long, Inc., and Reading Dorma were solidary obligors. Instead, when Reading Dorma was added it was alleged that the conduct of that defendant was the sole cause of the accident. Moreover, when at the hearing the trial judge generously offered to grant leave of court for Rideaux to amend the petition to allege solidarity, her attorney declined the offer.
Liberality in the construction of pleadings can go only so far. We affirm the trial court’s ruling. However, the defendant’s answer to the appeal, demanding sanctions for frivolous appeal, is denied.
AFFIRMED.