liWICKER, Judge.
This is a slip-and-fall case in which the plaintiff appeals the dismissal of one defendant on an exception of prescription. Ida L. Payne fell in the II Lakeway Center building in Metairie on April 3, 1991. She filed suit on April 3, 1992 against Pedus Building Services, Inc., the janitorial service for the building, and various unknown parties, identified by fictitious names. On June 1, 1992 she filed an amended petition, adding as defendant The Travelers Insurance Company, as owner of the building. Subsequently plaintiff learned that the janitorial service at the time of her accident was Ogden Allied Building Service Corporation. On February 16, 1993 she filed a second amending petition, naming Ogden as a defendant.
On March 2, 1993 plaintiff voluntarily dismissed Pedus and its insurer with prejudice. On February 5, 1995, Travelers was dismissed on its motion for summary judgment.
On March 14, 1995 Ogden filed an answer and various exceptions, including an exception of prescription. Ogden contended that plaintiffs claim against it had prescribed because Pedus, the only party correctly named in the original petition, was an improper defendant and completely unrelated to Ogden. In addition, Travelers, which allegedly would have been a defendant in solido, was not named as defendant until after the prescriptive date had passed. The trial court granted the exception and plaintiff has appealed.
|2On appeal plaintiff contends the trial court erred in finding the claim against Ogden had prescribed. She contends the trial court erred in not permitting the post-prescription amendments to relate back to the original petition, which was timely filed and in failing to find that the naming of Pedus as maintenance contractor was merely a misspelling or a misnomer and therefore interrupted prescription as to Ogden.
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La.Civ.Code art. 3492. Prescription is interrupted only when a proper party plaintiff commences timely action against a proper party defendant in a court of competent jurisdiction and venue. The naming of fictitious parties in a petition does not interrupt or suspend prescription as to parties later substituted by an amending petition. Picone v. Lyons, 593 So.2d 829, 831 (La.App. 4th Cir.1992), reversed, on other grounds, 601 So.2d 1375 (La.1992).
Filing of a petition, therefore, interrupts prescription only as to defendants named in the petition relied upon, in the absence of solidary liability between an unnamed defendant and a defendant who is properly named in the timely filed petition. * * * [A]n amending petition to correct a misnomer does not relate back to the filing of the original petition.
*15 Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271, 273 (La.1974). An amending petition which names a wholly new defendant is tantamount to the assertion of a new cause of action and does not relate back to the filing of the original petition for prescriptive purposes. Rideaux v. South Central Bell, 595 So.2d 382, 383 (La.App. 3rd Cir.1992).
In Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983), the supreme court set forth the following criteria for determining whether an amendment changing the identity of a party can relate back to the original filing date:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
|a(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
“The phrase ‘must have received notice of the institution of the action’ means notice of the filing of a suit within the prescription period. * * * Simple notice of a claim or a demand letter is not sufficient.” Heimann v. General Cinema Corp. of Louisiana, 559 So.2d 919, 921 (La.App. 5th Cir.1990).
No evidence was presented at the hearing on the exception of prescription. There is nothing in the record to show that Ogden either received notice of the institution of the action prior to the prescriptive date or that it is not a wholly new and unrelated defendant.
The record contains a portion of a deposition of a representative of Ogden. During the deposition plaintiffs counsel asked whether notification of plaintiffs fall had been given to Ogden in October of 1991. The Ogden representative replied, “I do not know, sir.” He admitted that notice could have been given. Plaintiff relies on that statement as proof that Ogden had constructive notice within the prescriptive period.
We find it insufficient, however, to establish constructive notice. The deposition statements set up only a possibility, not a probability. There is nothing in the record before us to show that Ogden had or should have had notice of plaintiffs fall. Accordingly, we find no error in the trial court’s ruling that the claim against Ogden has prescribed.
For the foregoing reasons, the judgment is affirmed. Costs are assessed against the appellant.
AFFIRMED.