674 So.2d 1155 (1996)
Chandell HARDY and Steve Hardy, Individually, on Behalf of Their Minor Daughter, Mariah Ashley Hardy
v.
A+ RENTAL INCORPORATED, E.F.G. Insurance Company, Owner and X.Y.Z. Insurance Company.
No. 95-CA-2176.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
Rehearing Denied June 25, 1996.
*1156 Davy P. Laborde, New Orleans, for Plaintiffs-Appellants Chandell Hardy, et al.
Burt K. Carnahan, Charlton D. Hunley, Diana L. Tonagel, Lobman, Carnahan and Batt, Metairie, for Defendant-Appellee Easy T.V. & Appliance Rental of Louisiana Inc.
Before KLEES, BYRNES and MURRAY, JJ.
KLEES, Judge.
Plaintiff Chandell Hardy appeals the trial court's judgment which dismissed her suit based upon defendant's exception of prescription. We affirm.
On March 20, 1993, Chandell Hardy tripped and fell at the Easy Rental store located at 1939 Tulane Avenue in New Orleans, Louisiana. On the last day before prescription was to run in March of 1994, plaintiff timely filed a lawsuit against A + Rental, Inc., the name provided to her orally by the Secretary of State as the store's corporate name. Plaintiff then attempted to serve Mr. John Centanni, the agent for service of process for A + Rental, Inc.
When Mr. Centanni did not answer, plaintiff sent a copy of the lawsuit to the manager of the Easy Rental store where the accident occurred. Easy Rental responded with exceptions of prescription and insufficiency of process. Defendant asserted that its correct name is Easy T.V. & Appliance Rental of Louisiana, Inc. (hereinafter Easy Rental/Easy T.V.) and argued that the suit should be dismissed because plaintiff failed to file the suit timely and to properly serve process.
A hearing was held on the issue of service of process on May 12, 1995 in the district court. Following the hearing, plaintiff submitted a supplemental and amending petition naming Easy T.V. & Appliance Rental of Louisiana, Inc. as a defendant. She argued that her petition should be allowed to relate back to the date of the filing of the lawsuit against A + Rental, Inc. because her mistake in suing the wrong party was due to her reliance on information provided by the Secretary of State. She alleged that she sued A+ Rental, Inc. because the Secretary of State's office had told her that no corporation was currently doing business in Louisiana under the name Easy Rental, Inc. and that A+ Rental Inc. had previously used the name E-Z Rentals, Inc. Since the mistake was caused by Easy Rental's use of another company's tradename and not by her lack of diligence, plaintiff argued that the filing of the petition should be allowed to relate back.
At the hearing, plaintiff also requested more time for discovery in order to substantiate the information provided by the Secretary of State over the phone. The trial court denied this request and granted Easy Rental/Easy T.V.'s exception of insufficiency of process in May of 1995 and the exception of prescription on July 17, 1995. Plaintiff timely filed this appeal contesting the trial court's maintenance of the exception of prescription.
On appeal, plaintiff reasserts her argument that the filing of the amended petition should be allowed to relate back to the petition that she filed on the last day of the prescriptive period. After reviewing the law and the record, we agree with the district court that plaintiff's amended petition should not be allowed to relate back.
Louisiana Code of Civil Procedure article 1153 allows the relation back of a filing outside the prescription period under particular circumstances. It states, "[w]hen the action *1157 or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition." The Supreme Court of Louisiana set out the requirements for relation back in Ray v. Alexandria Mall, 434 So.2d 1083, 1087 (La.1983). Plaintiff has the burden of proof. Rideaux v. South Cent. Bell, 595 So.2d 382, 383 (La.App. 3d Cir. 1992).
The purpose of the prescriptive period is to protect defendants from stale claims and from the loss of relevant evidence. Albert Tate, Jr., Amendment of Pleadings in Louisiana, 43 Tulane L.R. 211, 233 (1969). Hence, once the time period has expired, there are very few circumstances under which one can file a suit. One of these circumstances is when the defendant is already on notice that he or she is going to be sued. This usually occurs when one amends the original pleading to include a new defendant or cause of action. If the new defendant already had notice of the suit through the original pleading and the factual scenario is the same, then no protective purpose is violated by allowing the relation back. Id.
In Ray v. Alexandria Mall, supra, the Louisiana Supreme Court enumerated four factors to be used when considering whether an amendment should relate back under article 1153. They are as follows:
1. The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
2. The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
3. The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
4. The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
434 So.2d at 1087.
The critical element in this analysis is notice. If the amendment is to relate back, the plaintiff must not sue a "wholly new or unrelated defendant" who would not have received notice of the original petition. In Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990), the Supreme Court discussed the meaning of the term "wholly new or unrelated defendant" and the type of relationship that is necessary to satisfy the requirements of article 1153. The court described the relationship between the two defendants as an "identity of interest." Id. at 1171. A sufficient identity of interest provides the requisite notice and depends on the closeness of the relationship between the parties in their business operations and other activities. Id.
The jurisprudence discussing this "identity of interest" indicates that there must be a relationship between the original defendant and the new defendant which would allow an inference of notice. For example, this court has previously held that the relationship between two governmental entities was not adequate to satisfy the fourth requirement of Ray v. Alexandria Mall. Hernandez v. Plaquemines Parish School Bd., 563 So.2d 516, 519 (La.App. 4th Cir. 1990); writ granted and remanded by 573 So.2d 1128 (La.1991). However, the relationship between the defendants was found to be sufficient in Buffinet v. Plaquemines Parish Council, where the newly named defendant corporation was owned by the same people who owned the original defendant. 93-0840 (7/27/94) 645 So.2d 631, 645 (La.App. 4th Cir.1995); writ denied 651 So.2d 269 (La. 1995) 95-0100. Several other courts have held that a relationship of the defendants through common ownership is sufficient. Abercrombie v. V.P. Pierret Realty & Const. Co., Inc., 532 So.2d 212, 216 (La.App. 3d Cir.1988) (holding that the addition of the corporation's owner to the complaint related back to the suit filed against the corporation); Hernandez Jimenez v. Calero Toledo, 604 F.2d 99 (1st Cir.1979) (holding that a sufficient identity of interest existed between *1158 a corporation and its wholly owned subsidiary).
In the instant case, plaintiff has failed to satisfy three of the four requirements of Ray v. Alexandria Mall. She has satisfied the first requirement, as the amended pleading involved the same facts as the original pleading. However, she has not satisfied the second requirement because Easy Rental/Easy T.V. did not receive notice of the lawsuit before the end of the prescriptive period. Her argument that unsuccessful settlement negotiations between her attorney and the store manager prior to her filing suit provided notice is unpersuasive, since the failure to reach an agreement does not necessarily lead to a lawsuit. Plaintiff has not satisfied the third requirement because the defendant did not, in fact, know of the lawsuit during the prescription period. Finally, plaintiff failed to satisfy the fourth requirement because she sued an entirely different party. There was no relationship between A+ Rental and Easy Rental/Easy T.V. from which notice could be inferred.
Another aspect of this appeal is appellant's attempt to introduce new evidence into the record by attaching appendices to her brief. These appendices include a photograph of the appellee's place of business, appellee's listings in the white and yellow pages of the phone book and copies of appellant's correspondence with the Secretary of State regarding its request for appellee's agent for service of process. Appellee has moved to strike these exhibits on the grounds that they are not part of the record on appeal. Although generally the record cannot be amended on appeal, the Louisiana Supreme Court in White v. West Carroll Hosp., Inc., has determined that under certain circumstances, the case may be remanded to the trial court to decide whether the record should be amended. 613 So.2d 150 (La.1992).
In the White case, the plaintiffs attempted to supplement the record with the transcripts and pleadings of a prior suit. The plaintiff included the prior suit in order to demonstrate that the prescriptive period of its medical malpractice suit had been suspended during the period when it sued another party who was solidarily liable. The court looked to article 2164 of the Louisiana Code of Civil Procedure, which authorizes an appellate court to remand a case when it is just and proper disposition upon the record. In holding that the case should be remanded, the court reasoned that remand is warranted only when the new evidence is likely to affect the outcome of the case. White, 613 So.2d at 154 (citing Herbert v. Travelers Indemnity Co., 232 So.2d 463, 464 (La.1970)). Since the existence of a prior case against solidary obligors is directly relevant to the issue of whether or not the case at bar had prescribed, the court remanded. Id. at 155.
These circumstances do not apply to the instant case. Appellant's attempt to amend the record is not relevant to the running of the prescriptive period. Instead, plaintiff is attempting to demonstrate why she was unable to serve the proper party. While there clearly was confusion about the identity of the appellee's agent of process, these exhibits do not fully explain appellant's inability to serve the appellee. She served process on the last day of the prescription period based on information that was not consistent with what she already knew about Easy Rental/Easy T.V., specifically its address and phone number. Knowing that there were discrepancies between her information and the Secretary of State's information, she nevertheless failed to confirm that she was suing the proper party. The exhibits which plaintiff seeks to add do not attempt to demonstrate that appellee had notice of the impending suit, which is the only appropriate reason to allow an amendment to the record.
In conclusion, because the plaintiff has failed to satisfy the four requirements set out in Ray v. Alexandria Mall, and has also failed to demonstrate that her attempts to amend the record merit a remand, we find no error in the judgment of the trial court. Accordingly, for the reasons given, we affirm that judgment.
AFFIRMED.