768 So.2d 243 (2000)
Jagdish Amubhai MEHTA, Lucius McCutchen Butts, David Brian Ammons and Lorraine Ammons
v.
BATON ROUGE OIL COMPANY, INC., M.J. Butch Strother and Vincent A. Morella.
No. 99 CA 1773.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*244 E. Trent McCarthy, Baton Rouge, for Plaintiffs/Appellants, Jagdish Amnubhai Mehta, Lucius McCutchen Butts, David Brian Ammons and Lorraine Ammons.
Leu Anne Lester Greco, Megan Coogan Foco, Baton Rouge, for Defendant/Appellees, Baton Rouge Oil Company, Inc., M.J. Butch Strother and Vincent A. Morella.
Before: CARTER, C.J., WEIMER, J., and FONTENOT,[1] J. Pro Tem.
FONTENOT, Judge Pro Tem.
The issue before this court arises from a dispute about how the interest on a judgment should be computed. More specifically, the question is whether the phrase "from date of judicial demand" in the judgment relates to the original petition, or to the demand of an amended petition.

FACTS
On August 19, 1987, the plaintiffs, Jagdish Manubhai Mehta, Lucius McCutchen Butts, David Brian Ammons, and Lorraine Ammons, lessors, filed suit against Baton Rouge Oil Company, Inc., M.J. Butch Strother and Vincent A. Morella, lessees, for rentals and late charges due under a written lease between the parties as the result of delinquencies for six months in 1986, and January through May 1987. Additionally, the plaintiffs alleged that the defendants failed to make any rental payments from June through August 1987. The matter came for trial on Thursday, November 12, 1992. During the trial, the plaintiffs attempted to introduce evidence of subsequent delinquencies on rental payments. Counsel for defendants objected and the objection was sustained by the court. Plaintiffs' counsel then orally moved for permission to amend the petition. The motion was granted over the objection of defense counsel. The trial was interrupted and the court gave deadlines for the filing of new pleadings, issued a discovery schedule and then recessed the trial.
On November 24, 1992, plaintiffs filed an "Amended and Supplemental Petition." In this new pleading, the plaintiffs alleged defaults on rental payments beginning in September 1987 and prayed for an acceleration of payments under the lease for the entire ten year period, amounting to a total of $303,485.00. The trial resumed on December 6, 1992, and the court rendered judgment in favor of the plaintiffs in the amount of $32,400.00. In its written reasons, the court explained the basis for this sum as follows:
I find that they [plaintiffs] did not sufficiently mitigate their damages to make them entitled to rents past December 31st 1988. For those reasons orally assigned, I grant judgment herein in favor of the plaintiff and against the defendant in the amount of $32,400.00 representing eighteen months at eighteen hundred dollars.
A formal judgment setting forth this ruling was signed on April 21, 1994, and the granting clause of the formal judgment reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, Jagdish Manubhai *245 Mehta, Lucius McCutchen Butts, David Brian Ammons and Lorraine Ammons, and against defendants, Baton Rouge Oil Company, Inc., M.J. Butch Strother, and Vincent A. Morella, insolido, in the full sum of Thirty-Two Thousand and Four Hundred Dollars ($32,400.00)... together with legal interest thereon from date of judicial demand, reasonable attorney fees to be decided by the court pursuant to a rule and for all costs of these proceedings.
Following the rendition of the April 21, 1994 judgment, the defendant, Vincent A. Morella, began a schedule of periodic and regular payments in order to satisfy the judgment. He did this until, according to his calculations, the judgment was satisfied. Because of the disagreement on how to calculate the interest on the judgment, the plaintiffs did not concur with Morella's calculations. The plaintiffs filed a judgment debtor rule on February 4, 1999. Morella responded by filing a motion for a protective order on March 3, 1999. The motion for a protective order prayed,
Defendant submits that plaintiffs are not entitled to a judgment debtor examination because he has paid the judgment in full. In the alternative, should this court find that the judgment has not been paid in full, defendant prays that the court fix the amount of the balance of the judgment. Defendant stands ready and willing to pay any balance due, rendering the judgment debtor examination unnecessary.
A contradictory hearing on the protective order was held and the trial judge rendered written reasons for judgment on May 21, 1999. The reasons focused on the question of which date or dates would be considered the date of judicial demand for purposes of the calculations of legal interest in view of the fact that there was an original and an amending petition. In reaching the conclusion that judicial interest on the claims for subsequent rentals set forth in the amending petition would run from the date of that judicial demand, the court signified that it had accepted the construction proposed by Morella and it granted the protective order which he sought. A formal judgment setting forth the trial court's decision was signed on June 15, 1999. This appeal followed.

THE LAW
Our courts have addressed this issue on several occasions and the leading case is Abraham v. Abraham, 233 La. 808, 98 So.2d 197 (1957). In that case, the original petition by a husband against his wife was simply for separation from bed and board. He later supplemented his petition, and asked for an accounting and settlement of the community, for which he received a money judgment. The question before the Court was whether the judicial interest on the judgment should date from judicial demand of the first petition or the second. Abraham, 98 So.2d at 197-198. Although the Court was operating under the Louisiana Code of Practice, the principle enunciated therein still applies. The Court said therein:
The filing of the petition is certainly a judicial demand. However, it does not necessarily follow that the original judicial demand will be the only demand filed in the proceeding. There may be many incidental demands, and also other demands, which emanate from the original demand in the same action. Such demands are filed in a court of justice and must be classed as judicial demands, even though they are not the first demand or the original action.
Abraham, 98 So.2d at 198.
That the application of this principle still applies under the Louisiana Code of Civil Procedure Article 1921, is demonstrated by a case arising out of this circuit, Livingston v. Southern Scrap Material Co., Inc., 486 So.2d 210 (La.App. 1st Cir.1986). In that case, the original petition, filed by parents of an employee killed in the course and scope of employment, was for workers' compensation benefits payable to the dependent parents of a deceased child. *246 Subsequently, the plaintiffs amended their petition to allege that they were not dependent on their child. This amended petition allowed the plaintiffs to utilize another provision in the worker's compensation law that granted a lump sum payment to non-dependent surviving parents of a deceased employee. Livingston, 486 So.2d at 211. Regarding the same question under review here, this court said:
Although Article 1153 of the Louisiana Code of Civil Procedure provides generally that amendments relate back to the date of the filing of the original pleading, it should not be construed to compel the result that the original date of filing is the date of judicial demand for all purposes of computing interest.
Livingston, 486 So.2d at 213. Accordingly, the court upheld the trial court's award of judicial interest from the filing date of the amended petition and concluded as follows:
The joint amended petition filed on July 30, 1984, asserted a new cause of action and that date was considered by the trial court to be the date of `judicial demand' on that cause of action.
Livingston, 486 So.2d at 213.
The plaintiffs in the present case would propose a rule of law that judicial demand in any judgment, without further specification, must relate back to the filing of the original petition, regardless of subsequent supplements or amendments. For this, plaintiffs rely upon Article 1153 of the Code of Civil Procedure which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
It is generally recognized that the doctrine of Article 1153 affects the issue of prescription. Hardy v. A+ Rental, Inc., 95-2176, p. 2 (La.App. 4th Cir. 5/8/96), 674 So.2d 1155, 1156-57, writ denied, 96-1945 (La.11/1/96), 681 So.2d 1268. While appellants would want to give the article an interpretation which would make it controlling on the question of judicial demand, that is contrary to the jurisprudence of the state. In fact, it has been held that, even in the event that claims not raised by the pleadings are tried by express or implied consent of the parties at the trial, this impromptu expansion constitutes a new judicial demand, and damages arising from the new claim or claims only bear interest from the time of the trial. Red River Realty, Inc. v. Relmm Corporation, 372 So.2d 792, 798 (La.App. 2nd Cir.1979).
Appellants correctly point out that Louisiana is a fact-pleading jurisdiction and that a party may be granted any relief that the facts constituting the claim would support. They rely upon language in the case of Gunter v. Plauche, 439 So.2d 437 (La.1983) in which our Supreme Court said:
The transaction or occurrence giving rise to the demand or object of the suit remained unchanged by the amendment and, even if the state of facts which constitute the defendant's wrong differ enough so that two causes of action exist, the facts of the transaction which created both duties is similar enough to support a relation back of the amending petition under art. 1153.
Gunter, 439 So.2d at 441.
While this is good law, it is not applicable to the facts of this case. The original petition filed by the appellants herein cited delinquent rentals for a specific period and in a specific amount. Because the trial judge sustained defendants' timely objection and refused to allow the plaintiffs to expand their presentation at trial, it is evident that the trial judge recognized that the pleadings at that time did not support the demand for the later delinquent rentals. In other words, the "demand or object of the suit" was not the same after the amendment. In Gunter, the issue was prescription, which as already noted, is the thrust of Article 1153. Furthermore, in *247 that case, the medical malpractice alleged in both petitions arose from a single period of treatment. The original petition alleged negligence in diagnosis and surgery; the amendment recited a lack of informed consent. Although the theories of recovery were different, the alleged breach of duty was based upon the same incident. Clearly, this is not the situation in the case sub judice.
To reiterate, when the supplemental and amending petition of November 24, 1992 was filed, it contained allegations relating to a different period of time than the original petition, and contained an additional request for an acceleration of all rentals. The trial judge at the first trial was correct in recognizing delinquencies for a different time period as a new and distinct cause of action not supported by the facts alleged in the original petition.
Therefore, all damages relating to the cause set forth in the supplemental and amending petition should bear interest only from the date of that demand. An analysis of the oral reasons given by the judge in awarding the sum of $32,400.00 enables us to identify the source of the demands for which the awards were made. In those reasons, the judge stated that the sum here awarded was "representing eighteen months at $1,800.00" and the reasons also explain that the last month ended on December 31, 1988. Louisiana Civil Code Article 1868 provides that in such circumstances, payment by an obligor must be imputed to the debt that becomes due first. Applying that provision, sixteen of the months covered by the court's judgment fall in the time period affected by the amending and supplemental petition and only two months relate to the original petition. To put it in numerical terms, the interest on a sum of $3,600.00 would date from the judicial demand of the first petition, and the interest on the remainder of that judgment, $28,800.00, would date from the judicial demand of the supplemental and amending petition.
Accordingly, we find that the trial court correctly granted the motion for a protective order and held that the filing of the amended petition asserted a new demand and that the judicial interest on the subsequent rentals would not begin to accrue until the date that they were demanded judicially. The judgment of the lower court correctly fixes these dates precisely as August 19, 1987 for the original petition and November 24, 1992 for the amended petition.
However, it is not clear from the record if the lower court reached the question as to what part of the judgment, if any, remained unpaid at the time of the hearing. Although the reasons for judgment pronounce the correct method for the computation of interest, there is no mention of applying the formula to the facts before the court. It may be an oversight, but neither the reasons for judgment nor the judgment itself discusses any evidence upon which the trial court applied the formula. It is true that the judgment says "[T]he motion for protective order is granted; plaintiffs are enjoined from invoking a judgment debtor examination." This implies that the court calculated the judgment to be paid in full according to the findings of law. But such an important part of the dispute, in fact, the very heart of the matter, should not be left to implication.

CONCLUSION
For the reasons set forth in this opinion, the granting of a protective order is affirmed. The matter is remanded to the district court to clarify its ruling and declare if it has, in fact, determined the judgment to be satisfied in accordance with the views expressed herein. Otherwise, the judge should conduct a hearing to determine whether the judgment has been satisfied, and if not, to compute the amount due. If the court concludes that the judgment has not been satisfied, it should also determine the amount of attorney fees and costs to be awarded to the *248 plaintiffs. In all other respects, the judgment is affirmed. Costs of the appeal are to be assessed against appellants.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Honorable H. Ward Fontenot, 38th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.