MOISE, Justice.
 

 This is an appeal from a judgment of the trial court dismissing defendant’s rule brought against plaintiff to show cause why a judgment of this Court has not been paid and settled and why the Docket of the District Court should not be marked “satisfied".
 

 On February 13, 1953, plaintiff brought suit against his wife, Elvia Monnerjohn Abraham, for separation from bed and board, and a judgment in his favor was signed by the trial court on May 15, 1953, reserving to him his right to claim his interest in the community.
 

 On October 20, 1953, plaintiff brought suit for an accounting and settlement of the community. On appeal to this Court from a judgment of the trial court, he was awarded $21,773.60. 230 La. 78, 87 So.2d 735. The decree read:
 

 “ * * * with legal interest thereon from judicial demand until paid.”
 

 Defendant paid the amount of the judgment, but remitted interest only from October 20, 1953.
 

 Plaintiff contended that judicial demand commenced when he filed his suit for separation from bed and board on February 13, 1953, and not from the date of his prayer for settlement of the community. For this reason, he would not acquiesce in marking
 
 *811
 
 the Docket of the Civil District Court for the Parish of Orleans “satisfied”. The present proceeding followed.
 

 Plaintiff argues in this Court that all pleadings filed subsequent to February 13, 1953 were auxiliary pleadings to the main suit. He contends that there can be only one date of judicial demand in any given court proceeding — that is, the date a petition is filed in a court of competent jurisdiction, which includes all parties necessary to the suit and is prosecuted to a final successful conclusion.
 

 Article 1, Louisiana Code of Practice, defines an action as follows:
 

 “An action is the right given to every person, to claim judicially what is due or belongs to him.
 

 “Action means also the exercise of that right, that is to say, a judicial demand founded on a contract, or given by law, by which the plaintiff prays that the person against whom he proceeds be ordered to do that which he has bound himself towards him to perform.”
 

 When a plaintiff files a suit predicated on a legal right he is entitled to assert (Rapides Grocery Co. v. Vann, 230 La. 829, 89 So. 2d 359), he brings an action. Article 1, Code of Practice, supra. The filing of the petition is certainly a judicial demand. However, it does not necessarily follow that the original judicial demand will he the only demand filed in the proceeding. There may be many incidental demands, and also other demands, which emanate from the. original demand in the same action. Such' demands are filed in a court of justice and' must be classed as judicial demands, even though they are not the first demand or the. original action.
 

 The community herein involved' was not dissolved until there was a judgment of separation from bed and board. Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Abunza v. Olivier, 230 La. 445, 88 So.2d 815. Plaintiff waited from that date, May 15, 1953, until October 20, 1953, to make a demand for an accounting and settlement of the community. This was the judicial demand we were speaking of in our original decree. It was an outgrowth or incident of the action for separation from bed and board, and it might be classed as auxiliary;, but, no matter what it is called and when it was filed, it was a judicial demand. In the instant matter, “Interest from judicial' demand” means interest from October 20,. 1953.
 

 For the reasons assigned, the judgment of the trial court is reversed and set aside. It is now ordered that the rule to satisfy the Docket of the Civil District Court for the Parish of Orleans be made absolute. All costs are to be paid by plaintiff, William Abraham.