# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 03-1625 C/W 03-1423


**AMOCO PRODUCTION COMPANY**

**VERSUS**

**TEXACO, INC., ET AL.**


\* \* \* \* \* \* \*
### APPEAL FROM THE
### FIFTEENTH JUDICIAL DISTRICT COURT
### PARISH OF VERMILION, DOCKET NO. 64486
### HONORABLE KRISTIAN EARLES, PRESIDING

\* \* \* \* \* \* \*
## SYLVIA R. COOKS
## JUDGE
\* \* \* \* \* \* \*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Oswald A. Decuir, Judges.

Decuir, J., Concurs in the result.

**EXCEPTION OF RES JUDICATA REVERSED; MOTION TO REDUCE
GRANTED IN PART & RENDERED.**

**J. Michael Veron**
**Patrick D. Gallaugher, Jr.**
**Scofield, Gerard, Veron, Singletary & Pohorelsky**
**P.O. Drawer 3028**
**Lake Charles, LA  70602-3028**
**Telephone:    (337) 433-9436**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Amoco Production Company**


**Anthony J. Fontana, Jr.**
**210 North Washington St.**
**Abbeville, LA  70510**
**Telephone:  (337) 898-8332**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Amoco Production Company**


**James A. Gillespie**

**BP Amoco Corporation, Legal Group**
**501 Westlake Park Boulevard**
**Houston, TX  77079**
**Telephone:  (281) 366-5448**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Amoco Production Company**


**Silas B. Cooper, Jr.**
**Silas B. Cooper, Jr. & Assoc.**
**121 East Victor Street**
**P.O. Box 1213**
**Abbeville, LA 70511-1213**
**Telephone:    (337) 893-8810**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **IMC Exploration Company**


**Reginald J. Ringuet**
**William H. Collier**
**Ringuet, Daniels & Collier**
**302 La Rue France, Suite 201**
**P.O. Box 52647**
**Lafayette, LA 70505**
**Telephone:    (337) 232-0002**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **IMC Exploration Company**


**Robert S. Rooth**
**Harry R. Holladay**
**Douglas L. Grundmeyer**
**Heather M. Valiant**
**Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P.**
**1100 Poydras Street, Suite 2300**
**New Orleans, LA 70163-2300**
**Telephone:    (504) 585-7000**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **IMC Exploration Company**


**P.J. Laborde, Jr.**
**The Laborde Law Firm**
**102 Asma Boulevard**
**P.O. Box 80098**
**Lafayette, LA 70598-0098**
**Telephone:    (337) 261-2617**
**COUNSEL FOR DEFENDANT/APPELLANT/CROSS-APPELLEE:**
        **Mallinckrodt, Inc.**


**COOKS, Judge.**

This appeal involves a dispute over how interest on a judgment should be computed. Defendants, IMC Exploration Company and Mallinckrodt, Inc., argue the trial court erred in denying its motion seeking to reduce legal interest owed.

## FACTS

Amoco filed a lawsuit against IMC Exploration Company and Mallinckrodt, Inc., contending they deliberately took action/inaction which led to the cancellation of leases that Amoco had previously assigned to them. After the cancellation of Amoco's leases, the defendants acquired new leases directly from the landowners. A producing gas reservoir was later discovered under the cancelled leases, which Amoco argued cost them millions of dollars in lost production revenues.[1]

Amoco's petition, filed on April 29, 1994, asked for damages for defendants' breach of the reassignment clause pertaining to the Baudoin Leases. The petition was amended in 2001 to add a claim for a breach of the reassignment clause of the Jenkins Lease. Amoco requested $26,732,000.00 in damages as a result of the loss of the Baudoin Leases and $8,376,000.00 in damages for the loss of the Jenkins Lease.

After a lengthy trial, the jury returned a verdict in favor of Amoco in a lump-sum verdict of $30 million. There was no indication in the judgment as to what portion was given for the respective breaches of the reassignment clauses of the Baudoin and Jenkins leases. A judgment was signed on September 19, 2001 ordering the defendants to pay Amoco $30 million with legal interest due from "the date of judgment demand until paid." The Defendants appealed. This court affirmed the trial court judgment in its entirety. *See Amoco Production Co. v. Texaco, Inc.*, 838 So.2d 821. Writ applications were filed with the Louisiana Supreme Court, which were subsequently denied. *See Amoco Production Co. v. Texaco, Inc.*, 845 So.2d 1096.

---

[1] A complete discussion of the factual scenario involved in this matter is contained in our previous decision, *Amoco Production Co. v. Texaco, Inc.*, 02-240 (La.App. 3 Cir. 1/29/03), 838 So.2d 821, *writ denied*, 03-1102 (La. 6/6/03), 845 So.2d 1096.

Therefore, the judgment became final.

Counsel for defendants were provided by Amoco with a written calculation of the value of the judgment, which included legal interest. Defendants filed a motion seeking to reduce the legal interest owed under the judgment and/or to stay the judgment. Defendants contended legal interest should have run on one portion of the jury award from the date of the amended petition rather than the date of judicial demand of the original filing. Specifically, defendants argued Amoco alleged two separate and distinct breach of contract claims, the first in its original petition and the second in an amendment to the petition filed years later. Thus, they contend there were two judicial demands and interest must be separately computed on the damages attributable to each claim. Amoco filed an opposition to the motion and also filed an exception of *res judicata*.

The trial court denied the defendants' motions, holding since the jury made a lump-sum award it was impossible to determine how much the jury awarded for the loss of any particular lease. The trial court also determined that defendants should have raised this issue prior to the judgment becoming final, and granted the exception of *res judicata*.

Defendants filed an appeal from the district court's judgment. Despite its appeal, defendants also filed a writ application with this court "in an abundance of caution and to ensure that this court can review the judgment on its merits either through its supervisory jurisdiction or its appellate jurisdiction." We granted the writ application for the limited purpose of ordering the consolidation of the writ application with the appeal.

Defendants assert the trial court made the following errors in its judgment below:

1.  The district court erred in denying IMC and Mallinckrodt's motion

regarding computation of interest on the judgment concluding that legal interest on the entire principal amount of the final judgment runs from April 29, 1994, from the date of the filing of suit, instead of computing interest on damages for each separate breach-of-contract claim from the date of its respective judicial demand.

2.    The district court erred in failing to separately allocate the lump-sum award by determining what portion of the award was attributable to the alleged 1981 breach concerning the Baudoin, et al. Leases asserted in the original petition in 1994 and what portion of the award was attributable to the alleged 1976 breach concerning the Jenkins Lease asserted in the amended petition filed in 2001. Alternatively, if the court could not perform the allocation, it erred in failing to hold that legal interest on the entire lump-sum award runs from the date of the amended judicial demand in 2001.

3.    The district court erred in granting Amoco's peremptory exception of *res judicata* to bar IMC and Mallinckrodt's motion.

4.    The district court erred in failing to order Amoco to repay IMC any overpayment of interest on the Judgment.

## ANALYSIS

Initially, we note the final judgment in this matter awarded Amoco "the full and true sum of THIRTY MILLION AND NO/100 (30,000,000) DOLLARS, with legal interest thereon *from the date of judgment demand until paid*." The plain wording of La.Code Civ.P. art. 1951 provides that a final judgment cannot be substantively changed. Amoco argues this is what the defendants are trying to do. However, defendants contend they are merely seeking to have the judgment enforced as written. They argue the issue before this court is as follows:

> Where two separate breach-of-contract claims are asserted at different times in a single suit by way of two separate judicial demands and the judgment awards interest "from date of judicial demand," does interest on both claims run from the filing of suit asserting only one of the claims, as Amoco argues and as the trial court held, or does interest on each claim run separately from the date each was judicially demanded, as Appellants argue and as every case that has addressed this issue has held?

Defendants call our attention to the Louisiana Supreme Court's decision in *Abraham v. Abraham*, 233 La. 808, 98 So.2d 197 (1957), wherein the court found that

-3-

the filing of an amended petition asserted a new demand and that judicial interest on the cause of action of the amended petition would not begin to run until the date they were judicially demanded. In *Abraham*, the husband filed an original petition seeking a separation from bed and board. The petition was later amended to ask for an accounting and settlement of the community, for which he eventually received a money judgment. The question facing the *Abraham* court was whether the judicial interest on the money judgment should begin to run from judicial demand of the original petition or from the amended petition. The court discussed its reasoning as follows:

> Plaintiff contended that judicial demand commenced when he filed his suit for separation from bed and board on February 13, 1953, and not from the date of his prayer for settlement of the community. For this reason, he would not acquiesce in marking the Docket of the Civil District Court for the Parish of Orleans 'satisfied'. The present proceeding followed.

> Plaintiff argues in this Court that all pleadings filed subsequent to February 13, 1953 were auxiliary pleadings to the main suit. He contends that there can be only one date of judicial demand in any given court proceeding--that is, the date a petition is filed in a court of competent jurisdiction, which includes all parties necessary to the suit and is prosecuted to a final successful conclusion.

> Article 1, Louisiana Code of Practice, defines an action as follows:

> 'An action is the right given to every person, to claim judicially what is due or belongs to him.

> 'Action means also the exercise of that right, that is to say, a judicial demand founded on a contract, or given by law, by which the plaintiff prays that the person against whom he proceeds be ordered to do that which he has bound himself towards him to perform.'

> When a plaintiff files a suit predicated on a legal right he is entitled to assert (*Rapides Grocery Co. v. Vann*, 230 La. 829, 89 So.2d 359), he brings an action. Article 1, Code of Practice, supra. The filing of the petition is certainly a judicial demand. However, it does not necessarily follow that the original judicial demand will be the only demand filed in the proceeding. There may be many incidental demands, and also other demands, which emanate from the original demand in the same action. Such demands are filed in a court of justice and must be

-4-

classed as judicial demands, even though they are not the first demand or the original action.

> The community herein involved was not dissolved until there was a judgment of separation from bed and board. *Tanner v. Tanner*, 229 La. 399, 86 So.2d 80; *Abunza v. Olivier*, 230 La. 445, 88 So.2d 815. Plaintiff waited from that date, May 15, 1953, until October 20, 1953, to make a demand for an accounting and settlement of the community. This was the judicial demand we were speaking of in our original decree. It was an outgrowth or incident of the action for separation from bed and board, and it might be classed as auxiliary; but, no matter what it is called and when it was filed, it was a judicial demand. In the instant matter, 'Interest from judicial demand' means interest from October 20, 1953.

*Abraham*, 98 So.2d at 198.

In *Mehta v. Baton Rouge Oil Co., Inc.*, 99-1773 (La. App. 1 Cir. 9/22/00), 768 So.2d 243, the court was faced with a dispute over how interest on a judgment should be computed. In 1987, the plaintiffs filed suit against defendants for rentals and late charges due under a written lease. During trial beginning in 1992, plaintiffs attempted to introduce evidence of subsequent delinquencies on rental payments. Defendants objected to the introduction, and the trial court sustained the objection. Plaintiffs then orally moved for permission to amend the petition. Shortly thereafter, plaintiffs filed an amended and supplemental petition, alleging defaults on rental payments for a different time period than set forth in the original petition. Judgment was rendered in favor of the plaintiffs, awarding them a lump sum "together with legal interest thereon from date of judicial demand." The defendant made regular payments on the judgment for approximately five years until it believed the judgment was satisfied. However, a dispute arose as to the appropriate amount of interest due. Plaintiffs argued interest was due on the entire amount from the date of the original petition and defendants argued interest on the second claim was due only from the date of the filing of the amended and supplemental petition. The trial court held that judicial interest on the claims for subsequent rentals set forth in the amending petition would

run from the date of that judicial demand. Plaintiffs appealed.

In affirming the trial court's judgment, the first circuit relied on the *Abraham* decision, and further stated:

> The plaintiffs in the present case would propose a rule of law that judicial demand in any judgment, without further specification, must relate back to the filing of the original petition, regardless of subsequent supplements or amendments. For this, plaintiffs rely upon Article 1153 of the Code of Civil Procedure which provides:
>
> > When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
>
> It is generally recognized that the doctrine of Article 1153 affects the issue of prescription. *Hardy v. A+ Rental, Inc.*, 95-2176, p. 2 (La.App. 4th Cir. 5/8/96), 674 So.2d 1155, 1156-57, *writ denied*, 96-1945 (La.11/1/96), 681 So.2d 1268. While appellants would want to give the article an interpretation which would make it controlling on the question of judicial demand, that is contrary to the jurisprudence of the state. In fact, it has been held that, even in the event that claims not raised by the pleadings are tried by express or implied consent of the parties at the trial, this impromptu expansion constitutes a new judicial demand, and damages arising from the new claim or claims only bear interest from the time of the trial. *Red River Realty, Inc. v. Relmm Corporation*, 372 So.2d 792, 798 (La.App. 2nd Cir.1979).
>
> . . . .
>
> Therefore, all damages relating to the cause set forth in the supplemental and amending petition should bear interest only from the date of that demand.

*Mehta*, 768 So.2d at 246-247.

Amoco argues in brief that the phrase "date of judicial demand" means the date the original petition was filed. Amoco cites *Sanders v. American Fidelity Fire Ins. Co.*, 98-308 (La.App. 3 Cir. 9/23/98), 750 So.2d 210, in support of this contention. In *Sanders*, two suits were filed over a construction dispute. LIGA was named only

in the second suit. The cases were consolidated, and the jury rendered an award in favor of the plaintiffs in both suits. LIGA appealed, arguing judgment was improperly rendered against it in the first suit. The appellate court agreed, finding LIGA was not a party to the main demand. The Louisiana Supreme Court amended the judgment to reduce the damages awarded. LIGA then paid the amount it believed it owed, including interest from the date the second suit was filed. Contending that it satisfied the final judgment, and that it did not owe any judicial interest in the first suit filed, as it was never named as a party defendant, LIGA filed a Motion to Deem Judgment Satisfied with the district court. However, the district court modified the final judgment to require LIGA to pay legal interest from the date of the filing of the original suit. LIGA appealed. This court stated as follows:

> Sanders argues in his brief that he "did not seek modification of a final judgment-rather he sought a more appropriate definition of the words '... from judicial demand' [in the judgment]" regarding LIGA's responsibility for judicial interest in [the first] suit. Even if we were to assume for the sake of argument that Sanders were legally entitled to the legal interest in the modified judgment, as found in the district court's holding in question here, the proper time for him to have raised this issue, since it was not awarded, was following the signing of the judgment in the district court, either by a motion for new trial, or a motion for appeal. This, he failed to do for whatever reason. It is too late, now that the judgment has long since become final, to contend that he is entitled to a substantial award of judicial interest, representing a large sum, because of the reinterpretation of the words found in the judgment "... from date of judicial demand." Fundamentally, Sanders seeks to have us affirm a district court's substantive modification of a final judgment in which the delays for appeal had expired. This La.Code Civ.P. art.1951 will not permit.

Amoco attempts to rely on the court's concern that Sanders did not ask for relief within the "proper time." However, we note two of the three judges concurred in the result, finding the "case should be decided on the basis that LIGA should not be liable for all of the judicial interest in [the first] suit . . . on the basis that it was not a party to the litigation. . ."

The *Abraham* and *Mehta* cases indicate when a judgment awards interest from

the date of judicial demand and when multiple judicial demands are pleaded in the same suit, interest on each claim accrues from the time the judicial demand was made for that claim. We find *Sanders* is not applicable to the situation presented here and does not affect the holdings in *Abraham* and *Mehta*. In *Sanders*, LIGA could not be responsible for interest on a judgment to which it was not a party.

Amoco argues in brief that defendants consented to an expansion of the pleadings under La.Code Civ.P. art. 1154 when it filed a motion for summary judgment in "anticipation" of Amoco amending its petition. However, the facts are clear that Amoco amended its pleadings on September 11, 2001, to add a claim for damages concerning the Jenkins Lease. At that time, defendants objected, arguing any claim for damages on the Jenkins Lease had never been pled by Amoco. Also, we find the trial court erred in granting Amoco's peremptory exception of *res judicata* to bar IMC and Mallinckrodt's motion. Amoco's basis for the argument that *res judicata* applies is that a final judgment cannot be substantively changed. However, as discussed earlier, defendants are not requesting that the final judgment be changed or altered in any way; rather, they merely ask that the interest awarded by the judgment be computed according to the law. Therefore, *res judicata* is inapplicable, and the trial court erred in granting the exception.

In its answer to the appeal, Amoco asserted the appeal and writ application were untimely. We disagree. As the defendants are not requesting that the final judgment be changed or altered in any way, the appeal is not untimely.

Finding the jurisprudence supports defendants' contention that interest on each claim accrues separately from the time of the judicial demand was made for that claim, we are faced with the problem of how to determine what portion of the award was allocated to each claim. The trial court in rendering its decision in open court felt in would be "unduly burdensome on the Court" to "go back and determine how [the

jury] calculated" the damage awards. We agree it would be "unduly burdensome," if not impossible.

At trial, Amoco presented separate evidence and damage calculations for each breach of the leases. With regard to the breach of the Baudoin Leases, Amoco sought $26,732,000.00 in damages. For the breach of the Jenkins Lease, Amoco requested damages in the amount of $8,376,000.00. The jury awarded a lump-sum of $30,000,000.00. As defendants note, since the jury's award was for an amount greater than what Amoco sought for the breach of the Baudoin Leases, it is obvious the jury awarded some measure of damages for the breach of the Jenkins Lease.

Nothing we do today will satisfy either side on this issue. Fairness, however, must serve as our guide. At a minimum, we must conclude the jury awarded $3,268,000.00 for the breach of the Jenkins lease. Therefore, we find interest on that amount begins to run from the date of the filing of the amended petition asserting the Jenkins claim for the first time.

Amoco in its answer to the appeal, requested damages and attorney fees for frivolous appeal. Given our disposition on the merits, we decline this request.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Amoco's exception of *res judicata* is reversed. We also reverse the denial of defendants' motion seeking to reduce legal interest owed. The motion is hereby granted in part and defendants are ordered to pay Amoco interest on $3,268,000.00 from the date the amended claim on the Jenkins Lease was filed. In all other respects the motion is denied. Costs of this appeal are assessed to Amoco.

**EXCEPTION OF RES JUDICATA REVERSED; MOTION TO REDUCE GRANTED IN PART & RENDERED.**