STEPHEN J. WINDHORST, Judge.
|2In this appeal defendant, State of Louisiana, Department of Children and Family Services, (the State), alleges that the trial court erred in denying its dilatory exception of prematurity prior to the trial of this matter. In its answer to the appeal, plaintiff, Canal/Claiborne Limited, (Canal/Claiborne), asserts that the trial court erred in its ruling that judicial interest was due from date of demand. Finding no error in either ruling, we affirm the decisions of the trial court.
Canal/Claiborne, Limited (Canal/Claiborne) is the owner of property located at 1661 Canal Street. In 1995, Canal/Claiborne entered into a lease with Stone-hedge Development, LLC, (Stonehedge), who in turn entered into a sublease with the State. The State continued to occupy the premises, remitting rent payments to Stonehedge, who in turn remitted them to Canal/Claiborne- until Hurricane Katrina occurred in 2005.
The effects of Hurricane Katrina caused significant damage to 1661 Canal Street, making it uninhabitable. Canal/Claiborne was able to repair its building, making it habitable for its tenants, with the exception of those portions occupied by the State. Canal/Claiborne contends that the State refused to remove its damaged furnishings and property from the space, and therefore, it occupied that space ^without paying the rent due from November 1, 2005 until June 2006, when the State entered into a new lease directly with Canal/Claiborne.
In January of 2006, Canal/Claiborne file.d suit against Stonehedge, alleging that Stonehedge defaulted on its monthly rents and that it continued to occupy the building. Stonehedge filed a third-party demand against the State on the same grounds. In response, the State filed several exceptions, which were later withdrawn. Although the exception of prematurity pursuant to La. R.S. 39:1673 was not included, the State in withdrawing its exceptions noted that although Stonehedge sought to circumvent the administrative and procedural process set by La. R.S. 29:1673, it was nevertheless in the State’s *328 best interest to make an appearance in the suit.
Canal/Claiborne subsequently amended its petition to include the State as a defendant, alleging that the State “continued to occupy and use the premises to date and has paid and is expected to continue paying the Defendant the monthly rentals due under the terms of the sublease.” In response, the State filed an exception of prematurity, alleging that pursuant to La. R.S. 39:1673, Canal/Claiborne was first obligated to file a complaint with the chief procurement officer. The trial court denied the State’s exception, finding that Canal/Claiborne did not directly contract with the State and that the State effectively waived the administrative remedy of La. R.S. 39:1673 when it voluntarily withdrew its exceptions to Stonehedge’s third-party demand and by its ongoing participation in the litigation.
Canal/Claiborne’s claim' against the State went to trial on the merits, after which the trial court rendered judgment in favor of Canal/Claiborne, awarding $188,066.24, plus legal interest from date of judicial demand. After Canal/Claiborne filed a motion for new trial, the trial court amended the judgment |4to provide that the date of judicial demand was on June 7, 2010, the date on which Canal/Claiborne amended its petition and made the State a defendant.
La. R.S. 39:1673 A provides that
This Section applies to controversies between the state and a contractor and which arise under or by virtue of a contract between them. This includes without limitation controversies based upon breach of contract, mistake, misrepresentation, or other cause for contract modification or rescission. Any contractor who seeks a remedy with regard to such controversy shall file a complaint with the chief procurement officer.
La. R.S. 39:1673 is applicable to lease agreements. Willows v. State, Department of Health and Hospitals, 08-2357 (La.5/5/09), 15 So.3d 56.
In this case, Canal/Claiborne argues that La. R.S. 39:1673 is inapplicable to its suit against the State because there is no privity of contract between it and the State. Canal/Claiborne’s lease agreement is with Stonehedge, not the State. Therefore, its suit against the State is not one for breach of a lease contract; rather, it is for unjust enrichment or damages for trespass, thereby making La. R.S. 39:1673 A inapplicable. We agree.
At the time in question, Canal/Claiborne’s contract of lease was with Stone-hedge, and any contractual remedy that Canal/Claiborne could assert would be against Stonehedge. Accordingly, we find that the trial court did not err in finding that Canal/Claiborne was not a contractor with the State, and in denying the State’s dilatory exception of prematurity.
In its answer, Canal/Claiborne alleges that the trial court erred in ruling that judicial interest began to run when it amended its petition to add the State as a defendant on June 7, 2010, instead of the date that past rent was due. However, as previously stated, Canal/Claiborne’s claims against the State were not for past due rent, but were for damages due to unjust enrichment or trespass.
|sIn the alternative, Canal/Claiborne suggests that interest is due from the date Stonehedge filed its third party demand against the State on July 5, 2007. In support of its position, Canal/Claiborne cites Amoco Production Co. v. Texaco, Inc., 03-1625 (La.App. 3 Cir. 6/16/04), 876 So.2d 944. In that case, the court said that “... interest on each claim accrues *329 separately from the time of the judicial demand was made for that claim[.]” Id. at 950. Canal/Claiborne asserts, and the basis of its entire case is, that it had no lease agreement with the State, and it did not assert its demand against the State for trespass/unjust enrichment until it amended its petition in June of 2010. Accordingly, the trial court did not err in its determination of when judicial interest began to run.
For the above discussed reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant, State of Louisiana, Department of Children and Family Services.
AFFIRMED.