# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-694

**GEORGE RAYMOND WILLIAMS, M.D., ORTHOPAEDIC SURGERY, A PROFESSIONAL MEDICAL L.L.C.**

**VERSUS**

**SIF CONSULTANTS OF LOUISIANA, INC., RISK MANAGEMENT SERVICES, L.L.C., MED-COMP USA, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-5244-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

**Amy, M., Judge dissents and assigns reasons.**
**Gremillion, S., Judge dissents for the reasons provided by Amy, M., Judge, and writes separately.**

**AFFIRMED.**

**E. Paige Sensenbrenner**
**Martin A. Stern**
**Raymond P. Ward**
**Sara C. Valentine**
**Adams and Reese, L.L.P.**
**701 Poydras Street, Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Homeland Insurance Company of New York**


**Michael J. Rosen**
**Peter F. Lovato, III**
**Skarzynski Black, LLP**
**205 N. Michigan Avenue, Suite 2600**
**Chicago, IL 60601**
**(312) 946-4200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Homeland Insurance Company of New York**


**Michael E. Parker**
**Randall K. Theunissen**
**D. Paul Gardner, Jr.**
**Allen & Gooch**
**P. O. Drawer 81129**
**Lafayette, LA 70598**
**(337) 291-1350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Homeland Insurance Company of New York**


**Thomas A. Filo**
**Somer G. Brown**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **George Raymond Williams, M.D.**
    **Orthopaedic Surgery, A Professional Medical L.L.C.**

**John S. Bradford**
**William B. Monk**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **George Raymond Williams, M.D.**
    **Orthopaedic Surgery, A Professional Medical L.L.C.**


**Patrick C. Morrow, Sr.**
**James P. Ryan**
**Morrow, Morrow, Ryan, Bassett & Haik**
**P. O. Box 1787**
**Opelousas, LA 70570**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **George Raymond Williams, M.D.**
    **Orthopaedic Surgery, A Professional Medical L.L.C.**


**Stephen B. Murray, Sr.**
**Stephen B. Murray, Jr.**
**Arthur M. Murray**
**Murray Law Firm**
**650 Poydras Street, Suite 2150**
**New Orleans, LA 70130**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **George Raymond Williams, M.D.**
    **Orthopaedic Surgery, A Professional Medical L.L.C.**


**Charles T. Curtis, Jr.**
**Gerard George Metzger**
**Attorneys at Law**
**829 Baronne Street**
**New Orleans, LA 70113**
**(504) 581-9322**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Med-Comp USA, Inc.**

**L. Lane Roy**
**Brown Sims, P.C.**
**600 Jefferson Street, Suite 800**
**Lafayette, LA 70501**
**(337) 484-1240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Bestcomp, Inc.**


**Janice Bertucci Unland**
**Rabalais, Unland**
**1404 Greengate Drive, #110**
**Covington, LA 70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Risk Management Services**


**Ronald P. Schiller**
**Daniel J. Layden**
**Hangley, Aronchick, Segal, Pudlin & Schiller**
**One Logan Square, 27th Floor**
**Philadelphia, PA 19103**
**(215) 568-6200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Risk Management Services**


**Steven William Usdin**
**Barrasso, Usdin, Kupperman, Freeman & Sarver**
**909 Poydras Street, 24th Floor**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Executive Risk Specialty Ins. Co.**


**Cynthia J. Thomas**
**Galloway, Johnson, Thompkins, Burr & Smith**
**#3 Sanctuary Boulevard, Third Floor**
**Manderville, LA 70471**
**(985) 674-6680**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **SIF Consultants of Louisiana, Inc.**

**John Mark Fezio**
**Stone Pigman Walther Wittman, L.L.C.**
**909 Poydras Street., Suite 3150**
**New Orleans, LA 70112-4042**
**(504) 581-3200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **CorVel Corp.**


**Patrick A. Juneau, Jr.**
**The Juneau Firm**
**P. O. Drawer 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**SPECIAL MASTER**

**CONERY, Judge.**

This appeal addresses the appropriate date from which legal interest will attach to a judgment. Homeland Insurance Company of New York (Homeland) appeals the judgment of the trial court awarding legal interest to the plaintiff class, represented by George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical L.L.C., in an action against, among other defendants, CorVel Corporation (CorVel), which was insured by Homeland. The trial court's judgment awarded legal interest from December 22, 2006, the date plaintiff class demanded arbitration in federal court against CorVel. Homeland claims legal interest is due from March 24, 2011, the date suit was filed in state court by the plaintiff class naming CorVel as a defendant and its insurer, Homeland, as a direct action defendant. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter was initially filed on December 22, 2006 as a class arbitration against CorVel. It is undisputed that CorVel was insured under a 2006-2007 claims-made policy issued by Homeland. It is also undisputed that the arbitration demand originally included a prayer for legal interest. The plaintiff class arbitration petition claimed that CorVel had violated La.R.S. 40:2203.1 titled, "Prohibition of certain practices by preferred provider organizations," by providing preferred provider organization (PPO) discounts to their clients without providing the medical providers the necessary notification under the statute. Therefore, the plaintiff class claimed that the PPO's alternative rates of payment were not enforceable against the medical providers. The arbitration was never completed but remained pending when the plaintiff class filed the state court petition.

On September 20, 2009, the plaintiff class filed a "Petition for Damages and Class Certification" naming additional PPOs as defendants. On March 24, 2011, CorVel was named as a defendant, and its insurer, Homeland, was added as a direct action defendant in the plaintiff class's "First Amended and Re-Stated Petition for Damages and Class Certification." Homeland filed an exception of no right of action claiming that the suit by the plaintiff class was an action in contract and therefore they were not subject to suit under the direct action statute. This court on appeal found that the petition filed by the plaintiff class could provide the basis for a claim sounding in both tort and contract, and therefore the plaintiff class was allowed to proceed with its direct action claim against Homeland. *Williams v. SIF Consultants of La. Inc.,* 12-419 (La.App. 3 Cir. 11/7/12), 103 So. 3d 1172, *writ denied*, 12-2637 (La. 3/15/13), 109 So. 3d 381. (*Williams I*)

Shortly thereafter, the plaintiff class and CorVel entered into a class-wide settlement due to the number of claims and litigation in various forums. On April 27, 2011, the parties filed a joint motion for preliminary approval of the settlement. On November 4, 2011, the trial court approved the settlement, which reserved the plaintiff class's demands against the remaining defendants, including its direct action claims against Homeland, CorVel's insurer.

The plaintiff class filed a partial motion for summary judgment against CorVel's insurers, which included Homeland. The trial court found that the initial claim for class arbitration filed on December 22, 2006 triggered coverage under the 2006-2007 Homeland claims-made policy issued to its insured CorVel. The trial court's ruling resulted in a final judgment dated February 5, 2016, in favor of the plaintiff class and an award of Homeland's full policy limits of ten million dollars, "together with legal interest thereon." Homeland filed a timely appeal. A panel of

this court affirmed the trial court's judgment in favor of the plaintiff class, and the supreme court subsequently denied writs. *Williams v. SIF Consultants of La., Inc.*, 16-343 (La.App. 3 Cir. 12/29/16), 209 So.3d 903, *writ denied*, 17-390 (La. 4/13/17), 218 So.3d 629. (*Williams II*)

Once the judgment became final, Homeland paid its policy limits of ten million dollars and legal interest only from March 24, 2011, the date that Homeland was named as a direct action defendant as CorVel's insurer. Homeland failed to pay legal interest from December 22, 2006, the date of the original demand against its insured CorVel, and additionally failed to pay court costs also included in the judgment.

Because the judgment failed to specify a commencement date or limit legal interest to the date of judicial demand, the plaintiff class filed an "Expedited Motion to Fix Commencement Date for Legal Interest under Final Judgment," arguing that legal interest should be fixed as of December 22, 2006, the date the plaintiff class made a demand on CorVel for arbitration, and the date legal interest was first prayed for and demanded. Homeland unsuccessfully argued to the trial court that legal interest did not begin to accrue until March 24, 2011, the date Homeland, as CorVel's insurer, was added to the suit as a direct action defendant. In its June 20, 2017 judgment, the trial court awarded legal interest to the plaintiff class commencing on December 22, 2006, the date the original arbitration demand was made by the plaintiff class against Homeland's insured, CorVel. The trial court designated the June 20, 2017 judgment as a final judgment pursuant to La.Code Civ.P. art. 1915(B). Homeland then timely perfected this appeal.

**ASSIGNMENT OF ERROR**

Homeland asserts one error on appeal, "The trial court erred by awarding plaintiff class legal interest from December 22, 2006, the date arbitration was invoked against CorVel, and not from the date this suit was filed against Homeland."

**LAW AND DISCUSSION**

*Standard of Review*

There are no issues of fact in this case, so the determination of pre-judgment interest is a legal issue and thus is subject to de novo review. "Questions of law are reviewed *de novo,* without deference to the legal conclusions of the tribunals below." *Snider v. La. Med. Mut. Ins. Co.*, 13-579, p. 6 (La. 12/10/13), 130 So.3d 922, 928.

*Statutory And Contractual Obligations Owed to CorVel by Homeland*

Homeland relies on La.R.S. 13:4203 in its argument that legal interest should only begin to run on March 24, 2011, the date of judicial demand, when Homeland was named as a direct action defendant as the insurer of CorVel by the plaintiff class in state court. Louisiana Revised Statutes 13:4203 states, "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts."

However, the issue of whether the claim by the plaintiff class against CorVel and its insurer Homeland was one in tort or contract was discussed by a panel of this court in *Williams I.* Homeland sought to dismiss the direct action claim filed against them as the insurer of CorVel by the plaintiff class based on an exception of no cause of action. In affirming the trial court's ruling allowing the

4

direct action claim of the plaintiff class to proceed against Homeland, a panel of this court in *Williams I* found:

> "[T]he same acts or omissions may constitute a breach of both a general duty owed to all persons (ex delicto) and a breach of a special obligation the obligor contractually assumed (ex contractu)." *Cooper v. Louisiana Dept. of Public Works*, 03-1074, pp. 19-20 (La.App. 3 Cir. 3/3/04), 870 So.2d 315, 331-32. Here, a statutory duty is involved. Thus, "the source of the duty involved would not be the contract itself, but rather society's interests in protecting its members against uncompensated … injury." *Id.*

> *Williams*, 103 So.3d at 1177. (other cites omitted.)

Therefore, this court has found, and it is now the law of the case, that the claim against CorVel, which is the basis of the direct action against Homeland, is a statutory duty which sounds in tort. However, the contract between CorVel as the insured and Homeland as the insurer provides the legal basis for the award of legal interest from the original date of the demand for arbitration against CorVel filed by the plaintiff class on December 22, 2006.

### *The Award of Legal Interest*

The trial court in its reasons for judgment cited La.Code Civ.P. art. 1921, which provides, "[T] he court shall award interest in the judgment as prayed for or as provided by law." It is undisputed that the plaintiff class in both its demand for arbitration filed in federal court in 2006, and its state court suit, filed in 2009, amended in 2011, sought and prayed for legal interest.

The trial court also relied on La.Civ.Code art. 2000, which provides for legal interest when the "object of performance is a sum of money," and states in pertinent part:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed

5

> by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more.

The first claim by the plaintiff class against CorVel, Homeland's insured, was made on December 22, 2006 by the filing of a class arbitration demand in federal court which included a request for legal interest. This court in our earlier opinion in *Williams*, 209 So.3d 903,[1] specifically found that the December 2006 arbitration claim constituted the first filed claim against CorVel. CorVel properly and timely reported the claim to its insurer, Homeland, under its claims-made policy with CorVel. We find that the initial reporting of the class arbitration demand by CorVel triggered Homeland's 2006-2007 claims-made policy coverage on behalf of CorVel. Homeland had actual notice of the claim as well as the arbitration dispute pending in federal court from 2006 and was put on notice of its possible exposure as the insurer of CorVel for a claims-made policy with a ten-million-dollar limit plus legal interest as of December 22, 2006. In its reasons for ruling, the trial court correctly found that "the maximum amount owed was ascertainable then in [2006] just as it was in 2011 when Defendants [Homeland] were added to the suit."

The same Homeland 2006-2007 claims-made policy which provided coverage to CorVel for the plaintiff class's 2006 arbitration claim also formed the basis of the payment on April 21, 2017 by Homeland of its policy limits in satisfaction of the ten-million-dollar judgment in favor of the plaintiff class against CorVel. In addition to the payment of its policy limits, Homeland paid the

---

[1] Though this writer dissented in the earlier decision, it is now the law of the case, and the question now before us is the date from which legal interest should run on the judgment. In its February 5, 2016 judgment, the trial court was not specific, hence the subsequent motion by the plaintiff class and judgment now before us.

6

undisputed portion of the legal interest owed of $2,439,383.56, as of March 24, 2011, when Homeland was named as CorVel's insurer and a direct action defendant in the state court petition.

It is undisputed that the 2006-2007 Homeland claims-made policy issued to CorVel provided for the payment of prejudgment interest and required Homeland to pay "prejudgment interest" as a "Loss" under the policy. Therefore, the Homeland claims-made policy required the payment of any prejudgment interest owed by CorVel regardless of whether it is also required or allowed under law. In its insurance contract with CorVel, the Homeland claims-made policy does not limit "prejudgment interest" to post-judicial demand interest," payable in accordance with La.R.S. 13:4203, as Homeland claims.

Accordingly, when CorVel was first named as a defendant by the plaintiff class on December 22, 2006 in the class arbitration demand and Homeland was notified of claim, the terms of the 2006-2007 Homeland's claims-made policy were triggered. Homeland then became responsible from December 22, 2006 forward under the terms of the claims-made policy contract for any damages and legal interest owed by its insured, CorVel, to the plaintiff class.

In finding that legal interest was due to the plaintiff class from the date of the first demand against CorVel on December 22, 2006, the trial court relied on the supreme court case of *Trans-Global Alloy Ltd. v. First Nat'l Bank of Jefferson Parish*, 583 So.2d 443, (La. 1991). The *Trans-Global* court found that when the damages are ascertainable, which is the case in this litigation as the policy limits of Homeland's policy with CorVel were never in dispute, that to deny the plaintiff class the legal interest from the date of the first "legal demand" on December 22, 2006 would result in unjust enrichment. The *Trans-Global* court stated:

7

Courts and commentators have also noted that allowing the defendant to keep the interest that could be earned on the amount eventually awarded would result in his unjust enrichment, .... The defendant is not penalized by prejudgment interest because he is only returning the benefits he has received from use of the plaintiff's money. *Miller v. Robertson*, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265 (1924)

*Id.* at 458.

In granting the plaintiff class's expedited motion to set commencement date for legal interest under final judgment, the trial court found:

There is no justification that can be ascertained in allowing Defendants [Homeland] to be exempt from paying interest for a period of five years knowing that the initial 2006 claim, which was affirmed by both this court and the Third Circuit, is the first date judicial demand was made.

We agree and affirm the trial court's judgment of June 20, 2017 finding that legal interest referenced in the trial court's February 5, 2016 judgment "began to accrue on December 22, 2006, the date arbitration was initiated against CorVel Corporation."

## CONCLUSION

For the foregoing reasons, the June 20, 2017 judgment in favor of George Raymond Williams, M.D., Orthopaedic Surgery, A Professional Medical L.L.C. and against Homeland Insurance Company of New York for legal interest from December 22, 2006, requiring Homeland to pay the additional $2,836,780.82 in unpaid legal interest, plus, as stated in the judgment, any additional legal interest accruing from May 12, 2017, the date of the trial court's reasons for judgment, and all court costs is affirmed in its entirety. All costs of this appeal are taxed to Homeland Insurance Company of New York.

**AFFIRMED.**

8

AMY, J., dissenting.

I respectfully dissent from the majority opinion as I find that a reversal is required.

A previous panel of this court addressed the nature of the plaintiff's underlying claim and observed that it alleged a statutory violation of La.R.S. 40:2203.1. *Williams v. SIF Consultants of La., Inc.*, 12-419 (La.App. 3 Cir. 11/7/12), 103 So.3d 1172, *writ denied*, 12-2637 (La. 3/15/13), 109 So.3d 381. Thus, the subject claim was found not to be contractual in nature. Such a finding, in my opinion, renders La.Civ.Code art. 2000 inapplicable.

Rather, as it has been determined that a statutory duty was breached, I find the question presented to this panel is resolved by linear application of La.R.S. 13:4203. That provision instructs that: "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." *Id.* Clearly, given the absence of a contractual claim, the claim as to the statutory duty involved here is ex delicto in nature. *See* La.Civ.Code art. 1757 (providing that: "Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.").

Accordingly, and given the "ex delicto" nature of the plaintiff's claim, I would award legal interest pursuant to La.R.S. 13:4203, i.e., from "date of *judicial* demand[.]" (Emphasis added.) I find no merit in a conclusion that the demand for *arbitration* in this case constituted a "judicial demand." Rather, that conflation of proceedings, and absent a court-involved demand, removes "judicial" from the positive law of La.R.S. 13:4203.

9

For these reasons, I dissent from the majority opinion's affirmation of the trial court's judgment.

**GREMILLION, Judge, dissenting.**

I subscribe to Judge Amy's dissent, but there are additional reasons for which I disagree with the majority.

The starting point of any judicial decision is the law, the sources of which are legislation and custom. La.Civ.Code art. 1. Legislation is the expression of the legislature's will. La.Civ.Code art. 2. Custom acquires the force of law from practices that are repeated to the point that they become generally accepted. La.Civ.Code art. 3.

Legislation always trumps custom. *Id.* "When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. Only in the absence of legislation and custom may courts "proceed according to equity." La.Civ.Code art. 4. Statutory law clearly and unambiguously governs this situation.

"The court shall award interest in the judgment as prayed for or as provided by law." La.Code Civ.P. art. 1921. "The phrase 'as provided by law' applies to tort claims, since in these cases interest attaches automatically, without being prayed for. Grennon v. N.O. Public Service, 17 La.App. 700, 136 So. 309 (1931); Poulan v. Gallagher, 148 So. 511 (La.App.1933)." *Id.* Official Revisions Comment (a). As Judge Amy notes, this matter has been deemed by this court as involving a delictual obligation, i.e., a tort.

Relevant to matters that proceeded to arbitration, Louisiana Civil Code Article 3128 reads (emphasis added):

> The arbitrators may likewise pronounce by their award on the interest and costs; but their silence on that subject is not a cause of nullity. If legal interest would have been payable by law from date of judicial demand, such legal interest *awarded by the arbitrators* shall attach from the date the matter was submitted to arbitration.

11

In the present matter, there was no award by an arbitrator; the demand for arbitration was withdrawn by the plaintiff. Had the matter proceeded to an arbitration award, the terms of article 3128 would apply; here, by the statute's plain wording, it does not.

The trial court erred in basing its ruling, even in part, on Article 3128. Similarly, the trial court's reliance upon La.Civ.Code art. 2000 is misplaced. Louisiana Civil Code Article 2000 states:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.

Article 2000 applies to conventional obligations. While Homeland was conventionally bound for performance through its insurance policy, its obligee was CorVel, not plaintiff. Homeland entered into no contract with plaintiff at all.

Lastly, the trial court relied upon *Trans-Global Alloy Ltd. v. First Nat. Bank of Jefferson Parish* , 583 So.2d 443 (La.1991). In *Trans-Global*, the court was faced with a suit between an importer of oilfield equipment and its bank over the bank's refusal to honor a commitment to issue monthly letters of credit to the importer. After a jury found for the importer, the trial court awarded legal interest from the date of its judgment rather than from the date of demand. The supreme court held that, even though damages were not ascertainable until the matter was litigated, awarding interest from the date of judicial demand was in keeping with longstanding Louisiana jurisprudence, and should have run from that date. This matter bears no semblance to the case at bar, as it dealt only with whether interest should be awarded from date of demand or date of judgment.

Judge Amy persuasively argues that interest should run from the date of judicial demand based upon La.R.S. 13:4203, which attaches legal interest in all cases

involving delictual obligations, whether they are prayed for. In the present matter, though, plaintiff *did* pray for 'all general and equitable relief proper under the premises, *including legal interest from the date of judicial demand*, attorney fees, and all costs of these proceedings." (Emphasis added). This prayer is found in plaintiff's original petition and in the amended petition whereby CorVel was added to the suit. The date of judicial demand is *not* the date arbitration was demanded.

Louisiana Code of Civil procedure Article 421 provides (emphasis added), "A civil action is a *demand* for the enforcement of a legal right. *It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.* Amicable demand is not a condition precedent to a civil action, unless specifically required by law." Thus, the date of judicial demand is the date of filing the suit in which judgment is rendered. *See Burton v. Foret*, 498 So.2d 706 (La.1986).

The precursor to La.Code Civ.P. art. 421 was Louisiana Code of Practice Article 1, which read:

> An action is the right given to every person, to claim judicially what is due or belongs to him.
>
> Action means also the exercise of that right, that is to say, a judicial demand founded on a contract, or given by law, by which the plaintiff prays that the person against whom he proceeds be ordered to do that which he has bound himself towards him to perform.

In *Abraham v. Abraham*, 233 La. 808, 98 So.2d 197 (1957), the Louisiana Supreme Court held that judicial demand for purposes of calculating legal interest was made when a husband filed his action for partition of the community rather than his earlier filing of the petition for separation.

Far more recently, this court held (emphasis added), "[W]hen a judgment awards interest from the date of judicial demand and when multiple judicial demands are pleaded *in the same suit*, interest on each claim accrues from the time the judicial demand was made for that claim." *Amoco Prod. Co. v. Texaco, Inc.*, 03-1625 p. 8 (La.App. 3 Cir. 6/16/04), 876 So.2d 944, 950. Clearly, a "judicial demand" is a filing

in the same judicial proceeding in which judgment is rendered, and the date of judicial demand is the date demand was made in that suit against a particular party.

Thus, the fact that plaintiff sought arbitration against anyone is irrelevant because there was no arbitration award. Plaintiff prayed for legal interest from the date of judicial demand, and that prayer governs the award under the plain wording of La.Code Civ.P. art. 1921.

I view the law as quite straightforward in this instance; awards of legal interest in delictual matters submitted to arbitration should only run from the date arbitration is demanded when an award is made by the arbitrators. Otherwise, and particularly when the prayer is for legal interest "from the date of judicial demand," that date should be fixed as the date suit was filed, which is a true judicial demand.