GREMILLION, Judge, dissenting.
I subscribe to Judge Amy's dissent, but there are additional reasons for which I disagree with the majority.
The starting point of any judicial decision is the law, the sources of which are legislation and custom. La.Civ.Code art. 1. Legislation is the expression of the legislature's will. La.Civ.Code art. 2. Custom acquires the force of law from practices that are repeated to the point that they become generally accepted. La.Civ.Code art. 3.
Legislation always trumps custom. Id. "When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. Only in the absence of legislation and custom may courts "proceed according to equity." La.Civ.Code art. 4. Statutory law clearly and unambiguously governs this situation.
"The court shall award interest in the judgment as prayed for or as provided by law." La.Code Civ.P. art. 1921. "The phrase 'as provided by law' applies to tort claims, since in these cases interest attaches automatically, without being prayed for. Grennon v. N.O. Public Service , 17 La.App. 700, 136 So. 309 (1931) ; Poulan v. Gallagher , 148 So. 511 (La.App.1933)." Id. Official Revisions Comment (a). As Judge Amy notes, this matter has been deemed by this court as involving a delictual obligation, i.e., a tort.
Relevant to matters that proceeded to arbitration, Louisiana Civil Code Article 3128 reads (emphasis added):
The arbitrators may likewise pronounce by their award on the interest and costs; but their silence on that subject is not a cause of nullity. If legal interest would have been payable by law from date of judicial demand, such legal interest awarded by the arbitrators shall attach from the date the matter was submitted to arbitration.
In the present matter, there was no award by an arbitrator; the demand for arbitration was withdrawn by the plaintiff. Had the matter proceeded to an arbitration award, the terms of article 3128 would apply; here, by the statute's plain wording, it does not.
The trial court erred in basing its ruling, even in part, on Article 3128. Similarly, the trial court's reliance upon La.Civ.Code art. 2000 is misplaced. Louisiana Civil Code Article 2000 states:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.
Article 2000 applies to conventional obligations. While Homeland was conventionally bound for performance through its insurance policy, its obligee was CorVel, not plaintiff. Homeland entered into no contract with plaintiff at all.
*764 Lastly, the trial court relied upon Trans-Global Alloy Ltd. v. First Nat. Bank of Jefferson Parish , 583 So.2d 443 (La.1991). In Trans-Global , the court was faced with a suit between an importer of oilfield equipment and its bank over the bank's refusal to honor a commitment to issue monthly letters of credit to the importer. After a jury found for the importer, the trial court awarded legal interest from the date of its judgment rather than from the date of demand. The supreme court held that, even though damages were not ascertainable until the matter was litigated, awarding interest from the date of judicial demand was in keeping with longstanding Louisiana jurisprudence, and should have run from that date. This matter bears no semblance to the case at bar, as it dealt only with whether interest should be awarded from date of demand or date of judgment.
Judge Amy persuasively argues that interest should run from the date of judicial demand based upon La.R.S. 13:4203, which attaches legal interest in all cases involving delictual obligations, whether they are prayed for. In the present matter, though, plaintiff did pray for 'all general and equitable relief proper under the premises, including legal interest from the date of judicial demand , attorney fees, and all costs of these proceedings." (Emphasis added). This prayer is found in plaintiff's original petition and in the amended petition whereby CorVel was added to the suit. The date of judicial demand is not the date arbitration was demanded.
Louisiana Code of Civil procedure Article 421 provides (emphasis added), "A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law." Thus, the date of judicial demand is the date of filing the suit in which judgment is rendered. See Burton v. Foret , 498 So.2d 706 (La.1986).
The precursor to La.Code Civ.P. art. 421 was Louisiana Code of Practice Article 1, which read:
An action is the right given to every person, to claim judicially what is due or belongs to him.
Action means also the exercise of that right, that is to say, a judicial demand founded on a contract, or given by law, by which the plaintiff prays that the person against whom he proceeds be ordered to do that which he has bound himself towards him to perform.
In Abraham v. Abraham , 233 La. 808, 98 So.2d 197 (1957), the Louisiana Supreme Court held that judicial demand for purposes of calculating legal interest was made when a husband filed his action for partition of the community rather than his earlier filing of the petition for separation.
Far more recently, this court held (emphasis added), "[W]hen a judgment awards interest from the date of judicial demand and when multiple judicial demands are pleaded in the same suit , interest on each claim accrues from the time the judicial demand was made for that claim." Amoco Prod. Co. v. Texaco, Inc. , 03-1625 p. 8 (La.App. 3 Cir. 6/16/04), 876 So.2d 944, 950. Clearly, a "judicial demand" is a filing in the same judicial proceeding in which judgment is rendered, and the date of judicial demand is the date demand was made in that suit against a particular party.
Thus, the fact that plaintiff sought arbitration against anyone is irrelevant because there was no arbitration award. Plaintiff prayed for legal interest from the date of judicial demand, and that prayer *765 governs the award under the plain wording of La.Code Civ.P. art. 1921.
I view the law as quite straightforward in this instance; awards of legal interest in delictual matters submitted to arbitration should only run from the date arbitration is demanded when an award is made by the arbitrators. Otherwise, and particularly when the prayer is for legal interest "from the date of judicial demand," that date should be fixed as the date suit was filed, which is a true judicial demand.